IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA TURNER, JAMES GARNER JAMES A. GARNER, a minor, JAMES E. GARNER, a minor, both by next friend, JAMES GARNER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 12 C 9994 Judge Amy St. Eve |
| v. | ) ) | |
| THE CITY OF CHICAGO, POLICE OFFICERS L.H. SALDANA, T.M. NORRIS, and MB FINANCIAL BANK, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

After the Court ruled on Defendants' motions to dismiss Plaintiffs' Second Amended Complaint on August 12, 2013,[1] Plaintiffs Tina Turner and James Turner filed a Corrected Third Amended Complaint against Defendants City of Chicago, Chicago Police Officers L.H. Saldana and T.M. Norris (collectively "the Chicago Defendants"), and MB Financial Bank ("MB") alleging violations of their constitutional rights, along with state law claims. Before the Court is the Chicago Defendants' motion to dismiss Counts I, III, IV, V, and VI, as well as MB's motion to dismiss Count V, both brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motions to dismiss. More specifically, the Court denies the Chicago Defendants' motion to dismiss Plaintiffs' false arrest and imprisonment claim as alleged in Count I of the Corrected Third Amended Complaint,

---

[1] The Court presumes familiarity with its August 12, 2013 Memorandum, Opinion, and Order [53].

as well as the attendant indemnification claim in Count VI.  Further, the Court grants with prejudice Defendants' motions to dismiss Counts III, IV, and V.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012).  Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted).  Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.  Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).  "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013).

## BACKGROUND

Tina Turner and James Garner are a married couple, who owned a residence at 5114 S. Damen in Chicago during the relevant time period.  (R. 61, Corr. Third Am. Compl. ¶ 7.)  James A. Garner, age 13, and James E. Garner, age 12, are Plaintiffs' minor sons.  (*Id*.)  On December 15, 2010, Defendant Officers arrested Turner for property damage to MB's security cameras. (*Id*. ¶ 8.)  Turner was detained and arraigned on March 16, 2011, after which she pleaded not

guilty. (*Id.*) In August 2011, the charges against Turner were dismissed. (*Id.* ¶ 10.)

In the meantime, on December 16, 2010, a Chicago police officer, who is not a named Defendant to this lawsuit, went to Turner's and Garner's residence and demanded identification from the adult James Gardner, threatened him with arrest, attempted to enter his residence, and then circled the house taking pictures. (*Id.* ¶ 9.) Plaintiffs allege that the police officer stated he was doing these actions at the behest of MB because MB wanted Plaintiffs out of their house. (*Id.*) Plaintiffs also allege that in May 2011, Garner was falsely charged with battering an MB employee, but the charges were dismissed in June 2011. (*Id.* ¶ 11.)

In their Corrected Third Amended Complaint, Plaintiffs explain that these incidents "are among the latest in a long string of harassing actions by MB against Garner and Turner taken in retaliation against them for refusing to sell MB their house in 2004 (so that MB could build additions to its facility located next to their home), including but not limited to closing their bank accounts, causing trash to be placed on their property on a weekly basis, and making baseless complaints to the City whenever Garner attempted to make repairs to his property, and damaging Garner's property." (*Id.* ¶ 12.) Further, Plaintiffs allege that MB has acted in collusion with the City of Chicago in connection with police officers' various threats of arrest, baseless administrative complaints and actions, and the removal of fifteen vehicles belonging to Garner from his property. (*Id.* ¶ 13.)

Based on these allegations, Plaintiffs bringing the following claims in their Corrected Third Amended Complaint: (1) a Fourth Amendment false arrest and imprisonment claim against Defendant Officers based on Turner's December 15, 2010 arrest in Count I; (2) a state law malicious prosecution claim against MB based on both Turner's and Garner's arrests and

3

subsequent prosecutions in Count II; (3) a Fourteenth Amendment substantive due process claim on behalf of the minor Plaintiffs against the City of Chicago in Count III; (4) a Fourteenth Amendment equal protection class-of-one claim on behalf of all Plaintiffs against the City of Chicago in Count IV; (5) a conspiracy claim on behalf of all Plaintiffs against all Defendants pursuant to 42 U.S.C. § 1983 in Count V; and (6) an indemnification claim against the Chicago Defendants pursuant to 745 ILCS 10/9-102 in Count VI.

## ANALYSIS

**I.     Fourth Amendment Claim — Count I**

In Count I, Plaintiffs allege that Defendant Officers falsely arrested and imprisoned Turner on December 15, 2010, and thereafter, detained her for eight hours prior to arraignment without probable cause on March 16, 2011.  (Third Am. Compl. ¶¶ 8, 15.)  In their motion to dismiss, the Chicago Defendants first argue that the two-year statute of limitations for federal constitutional actions brought pursuant to Section 1983 bars Plaintiffs' Fourth Amendment false arrest and imprisonment claims.

Indeed, Section 1983 lawsuits brought in Illinois have a two-year limitations period.  *See Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013).  Moreover, "a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  *Wallace v. Kato*, 549 U.S. 384, 397, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).  Here, Plaintiffs allege that Turner was detained and arraigned on March 16, 2011 and Plaintiffs filed this lawsuit on December 16, 2012 — well within the two-year limitations period.

In response, Defendants attempt to refute Plaintiffs' allegation that Turner was detained

on March 16, 2011. It is well-established that a "defendant cannot, in presenting its 12(b)(6) challenge, attempt to refute the complaint or to present a different set of allegations" because "[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). At this procedural posture, not only must the Court accept Plaintiffs' allegations as true, but Plaintiffs need not anticipate a statute of limitations affirmative defense. *See Richards*, 696 F.3d at 638 ("complaints need not anticipate or meet potential affirmative defenses"). Hence, Defendants' statute of limitations argument fails at this stage of the proceedings.

Next, the Chicago Defendants argue that Plaintiffs have failed to sufficiently allege probable cause, which is an absolute defense to Fourth Amendment false arrest and imprisonment claims. *See Abbott v. Sangamon County, Ill.,* 705 F.3d 706, 713-14 (7th Cir. 2013). The Court, however, already addressed Plaintiffs' probable cause allegations as set forth in Plaintiffs' Second Amended Complaint concluding that Plaintiffs had sufficiently alleged probable cause under the federal pleading standards. Because Plaintiffs' Third Amended Complaint's allegations are the same as their allegations in the Second Amended Complaint with respect to Plaintiffs' false arrest and imprisonment claim, the Court denies the Chicago Defendants' repeated attempt to dismiss Count I on this basis.

**II.    Substantive Due Process Claim — Count III**

In Count III, Plaintiffs allege a Fourteenth Amendment substantive due process claim on behalf of the minor Plaintiffs against the City of Chicago. In particular, Plaintiffs allege that in

July 2004 — at the same time that MB initially sought to obtain Plaintiffs' property — Defendant City of Chicago maintained an action which made Plaintiffs homeless for several months. (Corr. Third Am. Compl. ¶ 28.) Plaintiffs contend that they were homeless due to the City conducting illegal and baseless raids of their property and obtaining court orders under false pretenses that forced Plaintiffs to vacate the premises. (*Id*.)

      **A.**    **Statute of Limitations Argument**

The Chicago Defendants' first argument is that this claim is time-barred under the two-year limitations period for Section 1983 actions brought in Illinois. *See Turley,* 729 F.3d at 651. Plaintiffs, however, allege this claim on behalf of their minor children, and thus they argue that the statutory tolling provision pursuant to 720 ILCS 5/13-211 applies. *See Malone v. Corrections Corp. of Am.,* 553 F.3d 540, 542 (7th Cir. 2009) ("when borrowing a state's period of limitations, the federal court must take all related doctrines, such as those that specify tolling, revival, and details of application"). Section 5/13-211 states in its entirety:

> Minors and persons under legal disability. If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

720 ILCS 5/13-211; *see also Softcheck v. Imesch,* 367 Ill.App.3d 148, 154-55, 305 Ill.Dec. 425, 855 N.E.2d 941 (3d Dist. 2006) (minor must bring lawsuit within two years of turning 18 years of age).

Defendants do not address Plaintiffs' argument based on Section 5/13-211. As such, Defendants' statute of limitations argument fails at this juncture of the proceedings. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion amounts to abandonment of

6

claims).

B.     **Substantive Arguments**

Next, Defendants argue that Plaintiffs' substantive due process claim must fail because the allegations only involve a deprivation of a purported property interest and, accordingly, Plaintiffs must show either that state remedies are inadequate or that Defendants violated an independent constitutional right. *See Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003). The Court first turns to whether Plaintiffs have alleged a protected property interest before addressing Defendants' argument.

As the United States Supreme Court teaches, "to determine whether due process requirements apply in the first place" courts "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 570-71, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In short, "the threshold question in any due process challenge is whether a protected property or liberty interest actually exists." *Citizens Health Corp. v. Sebelius,* 725 F.3d 687, 694 (7th Cir. 2013). Fundamental liberty interests, include bodily integrity, the right to marry, marital privacy, and the right to have children, to name a few. *See Washington v. Glucksberg,* 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). A protected property interest is a legitimate claim of entitlement — not defined by the Constitution — but "by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577. It is well-established, for example, that a property owner has a protected property interest under the Fourteenth Amendment. *See River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 166 (7th Cir. 1994).

In their Corrected Third Amended Complaint, Plaintiffs base their substantive due process claim on the City's actions in relation to their real property, namely, the home that Turner and the adult James Garner allege they owned during the relevant time period. (Corr. Third. Am. Compl. ¶ 7.) The adult Plaintiffs, however, are bringing this claim on behalf of their minor children and Plaintiffs do not allege that the minor children also owned the home.[2] Plaintiffs' substantive due process claim depends on the minor children's rights, not the adult parent's rights. *See Hanson v. Dane County, Wis.,* 608 F.3d 335, 338 (7th Cir. 2010). Therefore, Plaintiffs have not sufficiently alleged a protected liberty or property interest, and thus the Court does not reach Defendants' argument that Plaintiff must also allege "either the inadequacy of state law remedies or an independent constitutional violation." *See Lee,* 330 F.3d at 467.

The Court, therefore, grants Defendants' motion to dismiss Plaintiffs' Substantive Due Process Claim as alleged in Count III of the Corrected Third Amended Complaint. Because Plaintiff has had three opportunities to properly frame her substantive due process claim, the Court dismisses Count III with prejudice. *See Bank of America, N.A. v. Knight,* 725 F.3d 815, 818-19 (7th Cir. 2013); *Agnew v. National Collegiate Athletic Ass'n,* 683 F.3d 328, 347 (7th Cir. 2012).

### III. Equal Protection Claim — Count IV

In Count IV, Plaintiffs allege a class-of-one equal protection claim against the City of Chicago. In their motion to dismiss, the Chicago Defendants argue that Plaintiffs' equal protection claim is barred by the two-year statute of limitations for Section 1983 claims. *See*

---

[2] Under Illinois law, "[m]inors may own both real and person property." 17 Ill. Prac., Estate Planning & Admin. § 30:10 (4th ed).

*Turley,* 729 F.3d at 651. In Plaintiffs' class-of-one equal protection claim against the City, they allege that "Defendant intentionally treated Plaintiffs differently than other similarly situated — namely, other persons owning property adjacent to MB who were approached by Defendant to sell their property who refused were not harassed and retaliated against by Defendant as were Plaintiffs, who have steadfastly refused to sell MB their house for several years." (Corr. Third Am. Compl. ¶ 34.) Based on Plaintiffs' other allegations, the harassing conduct started sometime in 2004 until May 2011, when Garner was falsely charged with battering a MB employee. (*Id*. ¶¶ 11, 12.) Therefore, the false charge against Garner falls within the two-year limitations period because Plaintiffs filed the original Complaint in this lawsuit on December 16, 2012. The other allegations of harassing conduct, however, are outside of the limitations period.

Nevertheless, Plaintiffs have once again failed to sufficiently allege their equal protection claim under the federal pleading standards. In the Court's August 12, 2013 Memorandum, Opinion, and Order dismissing this claim without prejudice, the Court explained that under the circumstances, Plaintiffs' general allegations that the City treated them differently were insufficient under the requirements of Rule 8, especially because their allegations of improper conduct mainly focused on MB. The Court also distinguished the facts in *Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012), upon which Plaintiffs relied in response to Defendants' earlier motion to dismiss. In *Geinosky*, the Seventh Circuit concluded that the plaintiff's allegations that Chicago police officers issued him twenty-four unwarranted parking tickets in a fourteen-month period were sufficient to allege that defendants intentionally treated him differently from others similarly situated and that there was no rational basis for the difference in the treatment. As the Seventh Circuit explained:

9

> Some of the tickets were inconsistent with others received at the same time, implying, for example, that the Toyota was in two places almost at once or was simultaneously double-parked and parked on the sidewalk. All thirteen of the tickets attributed to Officer Wilkerson and issued on May 2, July 8, August 27, and October 7, 2008 had sequential citation numbers and concerned alleged violations that occurred on each date at exactly 10:00 p.m. Ten of the tickets were issued while Geinosky's estranged wife was in possession of the Toyota. Another ten were issued after he got the car back, and the last four were issued even after Geinosky sold the Toyota. Because none of the twenty-four tickets were legitimate, Geinosky had all of them dismissed, but he had to go to court seven times to do so.

*Geinosky,* 675 F.3d at 745. Based on these allegations, the Seventh Circuit concluded that the plaintiff had alleged sufficient facts that Chicago police officers' pattern of harassment was an irrational application of their law enforcement powers. *See id.* at 747 ("One element of a proper class-of-one claim is a wrongful act that necessarily involves treatment departing from some norm or common practice.").

In this Court's earlier order dismissing Plaintiffs' equal protection claim without prejudice, the Court noted that Plaintiffs' allegations of harassment were insufficient because the allegations mainly focused on MB. Again, Plaintiffs base their equal protection claim on the same "long string of harassing actions." In particular, Plaintiffs allege that:

> These incidents [Turner's and Garner's arrests and a police officer's December 26, 2010 visit to their home] are among the latest in a long string of harassing actions by MB against Garner and Turner taken in retaliation against them for refusing to sell MB their house in 2004 (so that MB could build additions to its facility located next to their home), including but not limited to closing their bank accounts, causing trash to be placed on their property on a weekly basis, and making baseless complaints to the City whenever Garner attempted to make repairs to his property, and damaging Garner's property.

(Corr. Third Am. Comp. ¶ 12.) Not only do these allegations mainly focus on MB, the only alleged harassing conduct that is within the two-year limitations period is that Garner was falsely charged with battering an MB employee in May 2011. This one false charge does not constitute

10

treatment departing from some norm or common practice. *See Geinosky,* 675 F.3d at 747 ("One element of a proper class-of-one claim is a wrongful act that necessarily involves treatment departing from some norm or common practice."). Therefore, Plaintiffs' conclusory allegations of harassing conduct fail to raise a claim for relief that is plausible on its face. *See Twombly,* 550 U.S. at 570.

In addition to "get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, 'a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications.'" *Kurtis B. v. Kopp,* 725 F.3d 681, 686 (7th Cir. 2013) (citation omitted); *see also Walker v. Samuels,* ___ Fed.Appx. ___, 2013 WL 6225135, at *1 (7th Cir. Dec. 2, 2013) (a plaintiff "must provide a sufficiently plausible basis to overcome the applicable presumption of rationality") (unpublished). Plaintiffs' conclusory allegation that Defendants harassed them based on the 2011 false charges against Turner does not eliminate the reasonable explanation that the police officer believed that he or she had probable cause to support Turner's arrest that resulted in the alleged false charge. Therefore, Plaintiffs' allegations are deficient in this respect, as well.

Because Plaintiffs' allegations are conclusory, rely on time-barred incidents, and mainly focus on MB's alleged misconduct, Plaintiffs have failed to sufficiently allege their class-of-one equal protection claim against the City under the federal pleading standards. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Again, Plaintiff has had three opportunities to properly frame her equal protection claim against the City, and yet has failed to do so. Accordingly, the Court dismisses

Count III with prejudice. *See Knight*, 725 F.3d at 818-19; *Agnew,* 683 F.3d at 47.

**IV.    Conspiracy Claim — Count V**

In Count V, Plaintiffs alleges a Section 1983 conspiracy claim against the Chicago Defendants and MB.  To establish Section 1983 liability through a conspiracy theory, "a plaintiff must demonstrate that: (1) a state official and a private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Lewis v. Mills*, 677 F.3d 324, 333 (7th Cir. 2012) (citation omitted); *see also Sow v. Fortville Police Dep't,* 636 F.3d 293, 304 -05 (7th Cir. 2011) ("To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him") (citation omitted).

In the present Corrected Third Amended Complaint, Plaintiffs have once again failed to sufficiently allege their conspiracy claim because they only allege conclusory statements rather than specific allegations against the individual police officers, MB, and the City.  *See Knight,* 725 F.3d at 818 ("The Rules of Civil Procedure set up a system of notice pleading" and "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful.").  More specifically, "[a]lthough every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Id.*

In support of their conspiracy claim, Plaintiffs rely on time-barred conduct, including a July 2007 incident in which the adult James Garner attempted to make a police report against MB and that several officers, including Sergeant Pangas, told Garner to sell his property to the bank and that would "solve his problem."  (Corr. Third Am. Compl. ¶ 41(b)).  Other alleged

12

misconduct occurred in October 2008 and included Detective James Dowling approaching Garner at night threatening his arrest and telling him that MB was tired of his conduct. (*Id.* ¶ 41(c)). Not only is this conduct time-barred, neither Sergeant Pangas nor Detective Dowling are named Defendants to this lawsuit. Indeed, Plaintiffs fail to make any specific allegations about Defendant Officers Saldana and Norris. Because Plaintiffs' Corrected Third Amended Complaint lacks specific allegations as to the named Defendant Officers explaining their conduct in relation to the alleged conspiracy, Plaintiffs have failed to put Defendants Officers on notice of their conspiracy claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555*; see also Knight,* 725 F.3d at 818 ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Plaintiffs' allegations against MB fare no better because all of the conspiracy allegations against MB are time-barred by the two-year limitations period.

Equally important, Plaintiffs fail to allege sufficient facts about Defendants reaching an understanding or agreement to deprive them of their constitutional rights. Rather, the allegations regarding any such understanding are threadbare and conclusory. *See Twombly,* 550 U.S. at 557. Specifically, they allege that the "City Defendants and MB acted in concert pursuant to agreement to deprive plaintiffs of rights and privileges secured for them under the Constitution, including the Fourth and Fourteenth Amendment violations alleged above." (Corr. Third Am. Compl. ¶ 40.) These allegations do little to raise Plaintiffs' right to relief above a speculative level. *See id.* at 555.

Finally, the minor Plaintiffs cannot sustain a conspiracy claim against MB because the only remaining constitutional claim upon which Plaintiffs may base their conspiracy claim is their false arrest and imprisonment claim based on Turner's arrest in Count I. *See Smith v.*

13

*Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in § 1983 actions"). In other words, the minor Plaintiffs have not alleged an injury-in-fact, and therefore, do not have Article III standing to bring a claim of conspiracy against Defendants. *See Abbott v. Lockheed Martin Corp.,* 725 F.3d 803, 808 (7th Cir. 2013) ("Without injury, there can be no Article III standing, which requires a plaintiff to show an injury-in-fact that is fairly traceable to the defendant's conduct and that could likely be redressed by a favorable court decision."). The Court further notes that Plaintiffs did not address this argument in their response brief. *See Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999) (An unresponsive response is no response"). Therefore, the allegations regarding the minor Plaintiffs against MB fail.

Accepting Plaintiffs' factual allegations as true, they have failed to allege sufficient facts that state a plausible conspiracy claim. *See Iqbal,* 556 U.S. at 662 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court dismisses Plaintiffs' conspiracy claim as alleged in Count V with prejudice. *See Knight*, 725 F.3d at 818-19; *Agnew,* 683 F.3d at 47.

## V.     Indemnification Claim —  Count VI

In Count VI, Plaintiffs allege the Defendant Officers' conduct was willful and wanton and committed within the scope of their employment. (Third Am. Comp. ¶ 43.) Therefore, Plaintiffs maintain that the City of Chicago is liable for any judgments in this case arising from the individual Defendant Officer's actions pursuant to 745 ILCS 10/9-102. (*Id*. ¶ 44.) On the other hand, Defendants argue that Plaintiffs' indemnification claim stands or falls on whether

there is liability for the other counts alleged in the Corrected Third Amended Complaint. Because there is one count remaining against Defendant Officers, namely, Plaintiffs' false arrest and imprisonment claim as alleged in Count I, the Court denies the Chicago Defendants' motion to dismiss Count VI of the Corrected Third Amended Complaint.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Defendants' motions to dismiss.

**Dated:** December 23, 2013

              **ENTERED**

              */s/ Amy J. St. Eve*
              **AMY J. ST. EVE**
              **United States District Court Judge**